# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEAL ALVIN POWELL,** | ) | |
| Plaintiff, | ) | Civil Action No. 15-233E |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| **UNITED STATES, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

### II.    REPORT

This civil rights action, along with a motion for leave to proceed in forma pauperis, was filed in this Court on September 24, 2015. This Court granted Plaintiff's motion for in forma pauperis status. By Order dated October 13, 2015, service was ordered to be accomplished by the U.S. Marshal Service. ECF No. 6. That Order directed that Plaintiff cooperate with the U.S. Marshal Service in its efforts to accomplish service.

As of January 26, 2016, the U.S. Marshal Service informed the Court that Plaintiff failed to provide directions for service. ECF No. 8. Thereafter, this Court directed Plaintiff to show cause for his failure in this regard. ECF No. 9. The Order directed that Plaintiff show cause

1

before February 10, 2016, and warned that failure to comply would result in the dismissal of this action for failure to prosecute.

As of today's date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several months old, yet Plaintiff has not taken the initial steps to have the matter served on Defendants. Without Plaintiff's participation in the service of his complaint, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

**III.    CONCLUSION**

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 24, 2016